UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBRA DRIGGERS,

    Plaintiff,

v.                                                                                  Case No.:  2:23-cv-970-JES-KCD

SANOFI-AVENTIS U.S. LLC and
SANOFI US SERVICES INC,

    Defendants.
_____/

# ORDER

Before the Court is Defendants' Motion to Compel Production of Current Signed Medical Records Authorization. (Doc. 28.)[1] Plaintiff Debra Driggers has not responded, and the time to do so expired. The Court thus treats the motion as unopposed. *See* Local Rule 3.01(c). For the reasons stated below, Defendants' motion is granted.

## I. Background

This case is one of several thousand products liability actions consolidated in the Eastern District of Louisiana as part of MDL 2740. Driggers alleges she suffered permanent hair loss from treatment with Defendants' chemotherapy drug Taxotere. (*See* Doc. 1.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Prior to transfer to this district, the MDL court issued several orders requiring mandatory discovery. Pertinent here, each plaintiff was to provide "[s]igned authorizations for medical records related to any cancer treatment identified herein and all pharmacy records from three (3) years before and three (3) years after your first treatment with Taxotere in the forms attached hereto." (Doc. 5-2.)

According to Defendants, Driggers "has yet to provide executed authorizations." (Doc. 28 at 3.) They thus seek "an order from this Court compelling Plaintiff to produce a current executed medical records authorization in accordance with MDL Court Pretrial Order No. 38." (*Id.* at 8.)

## II. Discussion

According to the record presented (which stands unrebutted), Driggers has not answered discovery required by the MDL court. It's not entirely clear if her conduct should be addressed as a discovery violation, or a failure to comply with the MDL court's order. Either way, the Federal Rules provide that a party may move for an order compelling compliance in such circumstances. *See* Fed. R. Civ. P. 37(a)(3), (b)(2)(A).

Defendants tried to confer with Driggers' counsel to resolve this dispute to no avail. (*See* Doc. 28.) And now Driggers has failed to respond to the motion, thereby waiving any objections. *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-CV-69-ORL-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011).

Having received no response in opposition, the Court grants the motion to compel. Within fourteen days of this order, Driggers must "produce a current executed medical records authorization in accordance with MDL Court Pretrial Order No. 38." (Doc. 28 at 8.)

That leaves the issue of Defendants' request for "reasonable expenses incurred in making this motion, including attorneys' fees." (Doc. 28 at 8.) If a motion to compel is granted (or if a discovery order is not obeyed), "the court must" require the disobedient party to pay the reasonable expenses, including attorney's fees, caused by the failure. Fed. R. Civ. P. 37(a)(5), (b)(2)(C). These sanctions are self-executing. The court *must* award expenses. *See KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021); *see also Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993).

No doubt sanctions are appropriate here. Driggers failed to provide discovery and is now being compelled to do so. Thus, "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 has a safe-harbor provision. The court need not order sanctions if the disobedient party's conduct was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A),

3

(b)(2)(C). The burden of avoiding sanctions rests on the disobedient party. *See, e.g., Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Driggers has not carried her burden. Indeed, she offers no opposition to the motion. That ends the matter—the Court "must order [her] to pay the reasonable expenses, including attorney's fees, caused by the failure." *Sanchez v. City of St. Cloud*, No. 6:22-CV-11-CEM-DCI, 2023 WL 6809621, at *3 (M.D. Fla. Oct. 16, 2023).

Accordingly, it is now **ORDERED:**

1. Defendant's Motion to Compel Production of Current Signed Medical Records Authorization (Doc. 28) is **GRANTED**. Within fourteen days of this order, Driggers must "produce a current executed medical records authorization in accordance with MDL Court Pretrial Order No. 38."

2. Within fourteen days of this order, the parties must also meet and confer about the expenses Defendants reasonably incurred in making the motion.

3. If the parties cannot reach an agreement on a fee award, Defendants must submit a motion, which includes necessary supporting documents, detailing its reasonable expenses and fees if they wish to pursue such relief.

**ENTERED** in Fort Myers, Florida on March 15, 2024.

_/s/ Kyle C. Dudek_
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record